**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4430

DEBORAH R. LEAKE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-563)

Submitted: December 22, 1998

Decided: January 15, 1999

Before ERVIN, HAMILTON, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Yarborough, III, ASHMORE & YARBOROUGH, P.A.,
Greenville, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, John M. Barton, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Deborah R. Leake pled guilty to aiding and abetting an illegal gambling business, see 18 U.S.C. §§ 1955, 2 (1994), and received a sentence of 15 months imprisonment. She appeals her sentence, contending that the district court clearly erred in finding that she was not a minor participant in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2(b) (1997). We affirm.

In 1987, Wyatt A. Davis started an illegal lottery business. His customers bet on numbers tied to several legal state lotteries, from which the winning numbers were drawn. Lottery tickets were sold by employees ("number writers" or "street writers") either from their vehicles or at various stores and businesses, some of which were subsidized by Davis. At the end of each day that the illegal lottery operated, other employees collected tickets at three locations and transported bags of tickets to a "count house," where the proceeds and tickets were reconciled and counted.

Davis' friend, Throop Lockey, assisted him primarily by cashing all personal checks received in payment for lottery tickets through his bank account, permitting his business, Goldline Motors, to be used as a drop-off location, and providing vehicles to Davis' employees for use in conducting the gambling operation. Beginning around 1991, Leake assisted Davis by collecting tickets and proceeds, helping with the nightly reconciliation, paying Davis' bills, and verifying winning lottery numbers by watching for them on television each night. On occasion, Leake stamped checks at Goldline Motors with the business endorsement stamp and took the checks to the bank.

The probation officer identified Leake as one of several primary conspirators. The others were Davis, Lockey, Larry Pace, and Kenneth Davis (Wyatt Davis' son). Pace and Kenneth Davis also collected tickets and proceeds and brought them to the count house. At her sentencing, Leake argued that she was a minor participant. As defined in the guidelines, a minor participant is "any participant who is less culpable than most other participants but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.3). A mini-

2

mal participant is "plainly among the least culpable," id., comment. (n.1), and has an extremely limited role in the conspiracy. See United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995). The defendant has the burden of convincing the district court that she is entitled to the adjustment. See id. The district court's determination is a factual one and will not be overturned unless it is clearly erroneous. See id. at 770.

Leake's attorney characterized her participation as simply assistance to a friend, stated that she acted only as a courier, pointed out that she had no part in organizing the operation, and asserted that Leake received no financial reward from Davis. Unconvinced, the district court found that Leake had a substantial role in carrying on the gambling operation. On appeal, Leake argues that, rather than being a manager, she was on the same level within the organization as the street writers who sold tickets and the store owners who provided locations for the sales. However, the evidence before the district court was that Leake was one of a select few who were trusted with collecting and transporting tickets and proceeds and conducting the nightly count. Leake did not refute this information or the information in the presentence report that she endorsed checks with the Goldline Motors stamp and deposited them for Davis. Consequently, we find that she did not show that she was less culpable than most other participants in the conspiracy.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3